## West Chicago Street Railroad Company v. William Wilson.

1. Verdicts—*When Manifestly Against the Weight of the Evidence.*—A judgment founded upon a verdict which is manifestly against the weight of the testimony will be reversed.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed January 22, 1896.

### Statement of the Case.

This is an action by William Wilson to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the West Chicago Street Railroad Company.

The declaration charges that the plaintiff "offered himself as a passenger and got on one of the defendant's cars, and was accepted by defendant as a passenger for the

purpose of being carried from a point on defendant's railroad near the intersection of Halsted street with Maxwell street, to the intersection of Halsted street with Adams street, and while plaintiff was lawfully and rightfully on defendant's said car, and was behaving himself in a proper and decorous manner, the conductor, defendant's servant in charge of said car, carelessly, negligently, willfully and wantonly, and without any just cause or provocation, assaulted and beat the plaintiff, and carelessly and negligently and maliciously and wantonly wrongfully ejected plaintiff from said car, at or near the corner of Halsted street and O'Brien street, before the end of plaintiff's said journey."

The jury returned a verdict in favor of the plaintiff, and assessed his damages at $4,500, $1,500 of which were stated to be exemplary damages. Plaintiff subsequently remitted $2,000 from the total verdict, and judgment was entered on the verdict for $2,500. From this judgment the defendant appeals.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We have examined the record of this case, and can not affirm the judgment rendered. We do not think that the extraordinary story of the appellee is sustained by a preponderance of the evidence; on the contrary, we think the clear weight of all the evidence is so manifestly against the claim he makes that this cause must be remanded for another trial.

As another trial is to be had we do not care to comment further upon the evidence.

The judgment of the Superior Court is reversed and the cause remanded.